UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JACK NICHOLS,<br>*Plaintiff*<br><br>KEVAN CASEY and<br>TABITHA MARIE CASEY as<br>administrator for The ESTATE<br>OF KEVAN CASEY<br>*Defendant* | Case No. 4:26-cv-01105<br><br>JURY TRIAL REQUESTED |

**NOTICE OF RELATED LITIGATION PURSUANT TO LOCAL RULE 5.2**

Pursuant to Local Rule 5.2 of the Local Rules of the United States District Court for the Southern District of Texas, Plaintiff Jack J. Nichols hereby advises the Court of the following related current litigation:

1.   **Related Case**: *Securities and Exchange Commission v. Kevan Casey et al.*, Civil Action No. 4:24-cv-02971 (S.D. Tex., Houston Division, filed Aug. 9, 2024), pending before the Honorable George C. Hanks, Jr. (with referrals to Magistrate Judge Peter Bray).

2.   **Description of Related Case**: The SEC Case is an enforcement action alleging the same Defendant, Kevan Casey, orchestrated a multi-year securities fraud scheme involving numerous microcap companies. The scheme included pump-and-dump tactics resulting in at least $56 million in illicit gains. The SEC defines the term "LuxeYard Litigation" and describes the history, which is germane to the understanding of the case at bar. The SEC references "LuxeYard" 23 times in its complaint alone and dedicates an entire page to that history. Among other relevant

purposes, as in the case at bar, the LuxeYard history background ties the defendants together. The SEC alleges:

> But then beginning in 2012 Casey was the central figure in the LuxeYard Litigation, a span of at least 38 private lawsuits in federal and state courts across four states stemming from Casey's orchestration of a fraudulent manipulation of the stock of LuxeYard, a microcap company.

The case at bar adds to that same list. Notably, Nichols serves as counsel for both (i) the director of LuxeYard at the time of the pump-and-dump (Amir Mireskandari) and (ii) LuxeYard, Inc. itself in pursuit of judgments held by LuxeYard resulting from the 2012 pump-and-dump. Therefore, Nichols is well-versed in the LuxeYard Litigation as described by the SEC.

3. **Nexuses Between the Cases**:

- **Common Defendant**: Kevan Casey is the primary defendant in both cases, with overlapping allegations regarding his involvement in securities fraud. As in the SEC case, the "LuxeYard Litigation" is key to understanding the relationship between Casey and the Plaintiff in this case. Casey's alleged alter egos, such as Vertical Holdings, Jinsun, and Silver Creek Holdings Trust are common avatars which may be fact witnesses or actors in the case at bar. Also, the case at bar features Jinsun, LLC, which is likely a relevant entity for the SEC case but is notably missing from the SEC case.

- **Overlapping Factual Background**: The case at bar arises from Casey's alleged retaliation against Plaintiff, motivated by exposure of Casey's activities during the same time period as late-stage LuxeYard Litigation, which overlaps the SEC investigation period. Nichols is an attorney for LuxeYard in at least two litigation matters and represented other individuals who were allegedly victimized by Casey. The SEC Case explicitly references the same LuxeYard litigation and prior court findings of similar conduct by Casey, and alleges continuation

of those tactics. The Nichols Complaint directly cites the SEC Case (para. 6) as evidence of Casey's ongoing schemes at relevant times. According to the Case at bar, it was the risk of the related lawsuit *itself* that led to Casey's actions giving rise to his liability.

- **Overlapping Timeline**: The actions of the SEC in their investigation and related litigation resulted in corresponding actions by Casey against Nichols in the present case. Therefore, the accuracy of the same timeline is critical in both cases. For example, the timing of SEC interviews with or suits against Casey's co-conspirators (such as Donal Scmidt) plays a key role in understanding Casey's motive and opportunity to (allegedly) violate the Plaintiff's rights in the case at bar.

- **Shared Issues and Motivation**: The Nichols Case alleges constitutional deprivations under 42 U.S.C. § 1983 stemming from Casey's actions in 2023-2024 (e.g., false affidavits and arranged arrest), driven by fear of SEC scrutiny (para. 10). This ties to the SEC Case's investigation and allegations of fraud in various microcap companies. Both cases involve common questions of fact regarding Casey's fraudulent patterns, intent, and associates.

- **Alleged Death of Casey**: Plaintiff does not concede Casey's death as true given the timing of events and other irregularities and anomalies. Plaintiff alleges that the alleged death is surrounded by questionable timing, facts, and circumstances, and follows patterns of securities fraudsters faking deaths or fleeing to avoid SEC liability. Plaintiff points out that Casey's alleged death is being used to obtain a dismissal in the SEC Case, as evidenced by the Estate Representative's Motion to Dismiss filed on June 9, 2025 (Dkt. 116), which argues that the SEC's substitution of the estate was untimely, that the claims do not survive death, and that disgorgement against the estate representative (Tabitha Marie Casey) would be unconstitutional. The Court is

advised to proceed with extreme caution in accepting the death of Mr. Casey due to circumstances leading up to the death in Puerto Rico immediately following the filing of the SEC Case.

- **Judicial Economy**: Assigning the cases to the same judge would promote efficiency, as the SEC Case judge is familiar with Casey's history, the LuxeYard litigation, Casey's entities and avatars, and the cast of characters which form the factual predicate for this action's claims. There is a high risk of inconsistent findings if these cases develop facts on entirely different tracks. Casey's use of agents and avatars make the facts confusing at first glance and it would be duplicative work for two separate judges to make sense of the lengthy history.

- **Directly Affected Non-Parties**: Potential witnesses or entities from the SEC Case (e.g., Casey's co-defendants, nominees like Vertical Holdings, LLC and Jinsun, LLC) also Casey's trustees, administrators, and other related persons or entities may be affected, as they relate to the fact patterns alleged here. The SEC has not specifically identified Jinsun, LLC, but it is likely they will need to investigate that entity as a common vehicle or avatar of Casey for his activities described in that Complaint.

Respectfully Submitted,

LLOYD E. KELLEY

*/s/ Lloyd E. Kelley*
Lloyd E. Kelley
State Bar No. 11203180
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
***ATTORNEY FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

    I certify that on this 6th day of March, 2026 a true and correct copy of this Notice of Related Litigation Pursuant to Local Rule 5.2 was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

                                               */s/ Lloyd E. Kelley*
                                               Lloyd E. Kelley