**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| JACK NICHOLS,<br>*Plaintiff,* | § § § § § § § § § § § § § | Case No. 4:26-cv-01105 |
| KEVAN CASEY and<br>TABITHA MARIE CASEY as<br>administrator for The ESTATE<br>OF KEVAN CASEY<br>*Defendants.* |  | JURY TRIAL REQUESTED |

## MOTION TO TRANSFER, OR REASSIGN RELATED CASES

COMES NOW Plaintiff Jack Nichols, by and through his attorney of record who for the above-stated motion would respectfully show this Honorable Court as follows:

1.      Nichols and Mireskandari, Plaintiffs in related cases, are asking for related cases to be before Judge Hanks, either consolidated with the underlying SEC v. Casey case or otherwise reassigned to Judge Hanks.

2.      This motion is brought pursuant to Local Rule 5.2 and 7.6 of the Local Rules of the United States District Court for the Southern District of Texas, the inherent powers of this Court to manage its dockets, Plaintiff Jack J. Nichols hereby moves the Court to consolidate and transfer the following cases to Judge Hanks:

       a.      This case, the "**Nichols case**," *Nichols v. Casey* 4:26-cv-01105 (S.D. Tex. Houston Division)

       b.      The "**Mireskandari case**," *Mireskandari v. Casey* 4:26-cv-01562 (S.D. Tex. Houston Division)

1

c.    The "**SEC case**," *Securities and Exchange Commission v. Kevan Casey et al.*, Civil Action No. 4:24-cv-02971 (S.D. Tex., Houston Division, filed Aug. 9, 2024)

3.    In essence the Nichols and Mireskandari cases are retaliation cases *because* the SEC is prosecuting securities fraud against Casey.  These cases have overlapping parties, persons, facts, histories, and timelines.  All three cases should be before the same judge.  The timelines go back as far as 2012, with significant relevant events happening in 2021, 2022, 2023 and 2024.  It would be a waste of judicial resources to have three separate judges construct the same overlapping timelines with the same parties.

4.    All three cases discuss the same early legal disputes involving a company called LuxeYard that started in 2012. Nichols, a lawyer, filed a brief on behalf of his client which described Casey's history and ongoing activities in questionable stock dealings with several small companies. The SEC later described the *same pattern* of stock activities in detail and supported what Nichols had written. Nichols and Mireskandari believe Casey initiated false court proceedings in Dallas to punish Nichols for filing that brief during an ongoing review by the SEC of the very activities described by both the SEC and the brief Nichols filed.  The brief Nichols filed mentioned specific companies named Rapid Therapeutic Science Laboratories and Wang and Lee Group, Inc., which contained identical allegations used by the SEC in their case against Casey' alleged co-conspirator Donal Schmidt.  *Securities and Exchange Commission v. Rapid Therapeutic Science Laboratories, Inc. and Donal R. Schmidt, Jr.,* No. 3:23-cv-2081-S (N.D. Tex., Dallas Division, filed September 18, 2023).

5.    Later the SEC filed suit naming Casey as an actor but not as a defendant. *Securities and Exchange Commission v. Ahmed Alomari and MCM Consulting, LLC*, No. 1:24-cv-00172 (D.R.I., filed May 3, 2024).  That case was filed eight months after the RTSL / Schmidt case (3:23-

cv-2081), and a few months before the main SEC case before Judge Hanks today.   This case is proof that Casey had motive to silence, and punish Nichols and Mireskandari.

6.      The Appellee's Brief filed by Jack J. Nichols on July 25, 2023, and the SEC complaint in *SEC v. Ahmed Alomari*  (filed May 3, 2024) are separated by roughly nine months and nine days.

7.      The SEC filing is the very vindication Nichols cites in his § 1983 complaint, arguing that the SEC's detailed allegations confirmed the truth of the statements he made in this brief.  In short, the brief is the protected speech that Nichols claims led to retaliation, and the SEC later confirmed the accuracy of the LuxeYard-related facts that the brief laid out.

8.      All three lawsuits now involve issues related to the alleged death of Kevan Casey and how his estate is managed.  Having one judge handle the three lawsuits would prevent the same evidence and witnesses from being reviewed more than once. It would also reduce the chance that two (or three) judges would make different decisions about the same facts.

9.      The SEC's actions and Lawsuit are causal factors of some of the alleged actions in both the present case and the Mireskandari case.   The SEC's facts, in turn, revolve around activities in which Casey was engaged.   What the SEC may or may not know about are the additional other apparent pump-and-dump cases that were happening before and during that timeline which Plaintiff Nichols and Plaintiff Mireskandari were aware of because of their connections to the LuxeYard Litigation.   For example, it is alleged that Casey was also violating securities laws with microcap companies called Wang & Lee Group, Inc. (WLGS) (*See* **Exhibit 2**[1].  Worth mentioning is the involvement of Casey's DLA Piper lawyer Jason Hopkins in the

---

[1] **Exhibit 2** https://www.stocktitan.net/sec-filings/WLGS/6-k-wang-lee-group-inc-current-report-foreign-issuer-126607802c89.html  (accessed March 31, 2026)

Wang & Lee. *See* **Exhibit 1[2] and Exhibit 4. This is important because DLA Piper continues to represent Casey before the SEC in Judge Hank's court despite having a partner be a potential participant with Casey in the very schemes complained about.**

The Ordinary Shares beneficially owned have been determined in accordance with rules promulgated by the SEC, and the information is not necessarily indicative of beneficial ownership for any other purpose. The information in the table below is current as of the date of this prospectus. The Selling Shareholders may from time to time offer and sell pursuant to this prospectus any or all of the Ordinary Shares being registered. The Selling Shareholders are under no obligation to sell all or any portion of such Ordinary Shares nor are the Selling Shareholder obligated to sell any Ordinary Shares immediately upon effectiveness of this prospectus. All information with respect to share ownership has been furnished by the Selling Shareholders.

| Name | Shares Beneficially Owned Prior to Offering | Percent Beneficially Owned Prior to Offering[1] | Shares to be Offered | Amount Beneficially Owned After Offering | Percent Beneficially Owned After Offering[1] |
|---|---|---|---|---|---|
| Jason Hopkins | 50,000 | 0.37% | 50,000 | - | - |
| Camarillo Investments LLC[2] | 50,000 | 0.37% | 50,000 | - | - |
| John Dodero | 50,000 | 0.37% | 50,000 | - | - |
| Clayton Adams | 100,000 | 0.75% | 100,000 | - | - |
| Ikonia Fintech Capital AG[3] | 50,000 | 0.37% | 50,000 | - | - |
| Gregory Hoffman | 100,000 | 0.75% | 100,000 | - | - |
| Oleta Investments LLC[4] | 100,000 | 0.75% | 100,000 | - | - |
| Chris Etherington | 100,000 | 0.75% | 100,000 | - | - |
| Vertical Holdings, LLC[5] | 100,000 | 0.75% | 100,000 | - | - |
| Basestones Inc.[6] | 100,000 | 0.75% | 100,000 | - | - |
| Varkes Churkian | 100,000 | 0.75% | 100,000 | - | - |
| Robert Smith | 100,000 | 0.75% | 100,000 | - | - |
| Chow Shui Yan Jojo | 200,000 | 1.47% | 200,000 | - | - |
| Lee Kong Shun | 200,000 | 1.47% | 200,000 | - | - |

(1)     Based on 13,400,000 Ordinary Shares issued and outstanding as of March __, 2023.

(2)     Camarillo Investments LLC, a U.S. corporation is 100% owned by Jonathan Camarillo, who is also the Managing Member. Accordingly. Jonathan Camarillo has the sole voting and dispositive power over these shares. The address of Camarillo Investments LLC is 11422 Sugarbush Ridge Ln, Houston, TX 77089, United States.

(3)     Ikonia Fintech Capital AG, a Swiss corporation is 50% owned by Torben Pedersen and 50% owned by James Dominic Rupert Holmes. Both Messers Pedersen and Holmes are directors of Ikonia Fintech Capital AG . Accordingly, Torben Pedersen and James Dominic Rupert Holmes share joint voting and dispositive power over these shares. The address of Ikonia Fintech Capital AG is Hinterbergstrasse 49, 6312 Steinhausen, Switzerland.

(4)     Oleta Investments LLC, a U.S. corporation is 100% owned by Chris Etherington, who is also the Managing Member. Accordingly, Chris Etherington has sole voting and dispositive power over these shares. The address of Oleta Investments LLC is 48 Iron Trail, Ladera Ranch, CA 92694, United States.

(5)     Vertical Holdings, LLC, a U.S. corporation is 100% owned by Kevan Casey, who is also the Managing Member. Accordingly, Kevan Casey has sole voting and dispositive power over these shares. The address of Vertical Holdings, LLC is 9337 B Katy Fwy #296, Houston, TX 77024, United States.

ttps://www.sec.gov/Archives/edgar/data/1899658/000149315223009252/formf-1a.htm                247/257

---

[2] **Exhibit 1** further reflects and confirms that Kevan Casey as the owner of Vertical Holdings, LLC invested in Wang & Lee.

4

10.     Judge Hanks currently has the longest relationship with the LuxeYard litigation and the active SEC case.   In fact, that case goes to trial on September/October of this year.  Therefore, Judge Hanks will be intimately familiar with much of the history that will be reconstructed in the Nichols and Mireskandari cases.

11.     Per the SEC in its case, Casey was "the central figure in the LuxeYard Litigation, a span of at least 38 private lawsuits in federal and state courts across four states" arising from his alleged "orchestration of a fraudulent manipulation of the stock of LuxeYard, a microcap company."

12.     The complaint repeatedly notes that defendants Kevan Casey, Jonathan Friedlander, and Robert Wheat were all named as defendants in the LuxeYard Litigation.

13.     Nichols began representing a former LuxeYard-related individual right around 2021 and filed suit on his behalf in 2022, which coincides with significant activities by Casey in Esports Technologies, Inc. (EBET), Volcon, Inc., and Sidus Space, Inc.  The SEC provides analysis of these activities,[3] but omits activities in Wang & Lee and Rapid Therapeutic Scientific Laboratories, Inc. (RTSL), which could result in inconsistent histories before different judges in the same district court.

WHEREFORE, premises considered, the undersigned respectfully prays that this Honorable Court transfer to and/or consolidate its cases before the Honorable Judge Hanks so that justice may be done completely economically and consistently.

Respectfully Submitted,

LLOYD E. KELLEY

---

[3] **Exhibit 3**

*/s/ Lloyd E. Kelley*

Lloyd E. Kelley
State Bar No. 11203180
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I certify that on this 20th day of April, 2026 a true and correct copy of this Motion to Consolidate, Transfer or Reassign Related Cases Pursuant to Local Rule 5.2 was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Lloyd E. Kelley*

Lloyd E. Kelley