**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JACK J. NICHOLS,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 4:26-cv-01105 |
| | § | |
| KEVAN CASEY and TABITHA MARIE CASEY, as Administrator for the Estate of Kevan Casey,<br>Defendant. | §<br>§<br>§<br>§ | |

**<u>DEFENDANT'S MOTION TO CONSOLIDATE RELATED CASES AND TO STAY PRETRIAL DEADLINES PENDING RULING ON THE FULLY BRIEFED MOTIONS TO DISMISS</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant files this Motion to Consolidate Related Cases and to Stay Pretrial Deadlines Pending Ruling on the Fully Briefed Motions to Dismiss (the "Motion") and respectfully shows the Court as follows.

**<u>STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING</u>**

1. Plaintiffs Jack J. Nichols and Amir Mireskandari, represented by the same counsel, filed two identical complaints against the same Defendant arising out of the same civil contempt proceeding conducted in a Dallas County state court on February 27, 2024: *Nichols v. Casey*, No. 4:26-cv-01105, and *Mireskandari v. Casey*, No. 4:26-cv-01562 (together, the "Related Cases"). Each complaint asserts the same thirteen counts under 42 U.S.C. § 1983 and Texas law.

2. On May 5, 2026, Defendant moved to dismiss each complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (No. 4:26-cv-01105, Dkt. No. 10; No. 4:26-cv-01562, Dkt. No. 8.) Plaintiffs responded on May 26, electing to stand on their complaints rather than amend, and Defendant replied on June 4. The motions to dismiss have been

fully briefed and ripe for decision since June 4, and they challenge, among other things, the sole asserted basis for this Court's subject-matter jurisdiction.

3. While the motions to dismiss were pending, separate Rule 16 scheduling orders were entered in each of the Related Cases on May 28, by different United States Magistrate Judges. (No. 4:26-cv-01105, Dkt. No. 12; No. 4:26-cv-01562, Dkt. No. 11.) The two scheduling orders impose materially different — and in places conflicting — pretrial schedules: in No. 4:26-cv-01562, discovery closes November 30, 2026, with a December 30, 2026 motion cut-off and a May/June 2027 trial term, while in No. 4:26-cv-01105, discovery closes February 15, 2027, with dispositive motions due March 15, 2027, and trial set for November 1, 2027.

4. On July 16, No. 4:26-cv-01105 was transferred to this Court. (Dkt. No. 15.) On July 28, No. 4:26-cv-01562 was likewise reassigned to this Court. (No. 4:26-cv-01562, Dkt. No. 14.) Both Related Cases, and both fully briefed motions to dismiss, are now pending before this Court.

## ARGUMENT AND AUTHORITIES

### I. The Related Cases Should Be Consolidated Under Rule 42(a).

5. When actions before the court "involve a common question of law or fact," the court may consolidate the actions. Fed. R. Civ. P. 42(a). A district court has broad discretion to consolidate cases pending in the same district, and consolidation is appropriate where it will avoid unnecessary cost, delay, and duplication without prejudicing any party.[1]

6. The Related Cases do not merely share common questions — they are the same case twice. The complaints are substantively identical, assert the same thirteen counts, arise from the same February 2024 hearing, name the same Defendant, and are prosecuted by the same counsel. The pending motions to dismiss, responses, and replies are likewise materially identical.

---

[1] *See Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011); *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531–32 (5th Cir. 1993).

7. Every question of law and fact is common to both actions. Consolidation for all pretrial purposes will eliminate duplicative motion practice, discovery, and expert proceedings; will resolve the conflict between the two scheduling orders; and will conserve the resources of the Court and the parties. No party will be prejudiced — to the contrary, Plaintiffs' counsel represents both Plaintiffs and filed the two actions as mirror images of one another.

## II. Pretrial Deadlines Should Be Stayed Pending Ruling on the Fully Briefed Motions to Dismiss.

8. This Court has broad discretion and inherent power to stay discovery and pretrial proceedings until preliminary questions that may dispose of the case are determined.[2] Rule 16(b)(4) likewise permits modification of a scheduling order for good cause. Good cause exists here for several independent reasons.

9. First, the pending motions to dismiss are fully briefed, are dispositive of every claim in both Related Cases and challenge the Court's subject-matter jurisdiction: Plaintiffs' § 1983 counts supply the only asserted basis for federal jurisdiction, and the motions demonstrate that those counts fail as a matter of law. Requiring the parties to conduct — and pay for — full merits and expert discovery on claims that may not survive the pleadings would impose precisely the burden and expense that *Petrus* and Rule 1 counsel against.

10. Second, discovery has not begun. Plaintiffs have served no initial disclosures under Rule 26(a)(1) in either case, and no party has served or responded to written discovery. A stay now preserves the status quo and prejudices no one.

11. Third, the two scheduling orders were entered by different Magistrate Judges before the Related Cases were transferred to this Court, and they set conflicting tracks nearly a year apart

[2] *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

for identical claims. Absent relief, the parties must litigate the same case on two different schedules — including expert designations and reports due in No. 4:26-cv-01562 in August through October 2026, while the identical deadlines in No. 4:26-cv-01105 do not arise until December 2026 through January 2027.

12. In the alternative, if the Court declines to stay the pretrial deadlines, Defendant respectfully requests that the Court enter a single amended scheduling order governing the consolidated (or coordinated) Related Cases, conforming the deadlines in No. 4:26-cv-01562 to the later schedule entered in No. 4:26-cv-01105 (Dkt. No. 12).

**PRAYER**

For the foregoing reasons, Defendant respectfully requests that the Court: (1) consolidate *Mireskandari v. Casey*, No. 4:26-cv-01562, into *Nichols v. Casey*, No. 4:26-cv-01105, for all pretrial purposes; (2) stay all deadlines under the scheduling orders entered in the Related Cases pending the Court's ruling on the fully briefed motions to dismiss, and order that the parties submit a joint proposed amended scheduling order within fourteen (14) days of any ruling that does not dispose of all claims; (3) in the alternative, enter a single amended scheduling order conforming the pretrial deadlines in both Related Cases to the schedule entered in No. 4:26-cv-01105; and (4) grant Defendant such other and further relief to which it may be justly entitled.

Respectfully submitted,

CRAIN, CATON & JAMES, P.C.

/s/ Alexander W. Cohn
Alexander W. Cohn
State Bar No. 24094100
Federal ID No. 3767094
1401 McKinney, Suite 1700
Houston, Texas 77010
Direct: 713.752.8602
Fax: 713.658.1921
Email: acohn@craincaton.com
*Attorneys for Defendant Kevan Casey (deceased) and Tabitha Marie Casey as administrator for the Estate of Kevan Casey*

**CERTIFICATE OF CONFERENCE**

I certify that on August 19, 21, and 24, 2026, I called and emailed opposing counsel numerous times regarding this Motion, to confer on same. I did not get any response from opposing counsel, so this Motion is presumed opposed.

By: */s/ Alexander W. Cohn*
Alexander W. Cohn

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Motion was filed electronically with the Clerk via the CM/ECF system and served electronically on all counsel of record on August 28, 2026.

By: */s/ Alexander W. Cohn*
Alexander W. Cohn