**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JACK J. NICHOLS,<br>*Plaintiff*<br><br><br><br>KEVAN CASEY and<br>TABITHA MARIE CASEY as<br>administrator for The ESTATE<br>OF KEVAN CASEY<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>Case No. 4:26-cv-01105<br><br><br><br><br>JURY TRIAL REQUESTED |

**PLAINTIFF JACK J NICHOLS RESPONSE IN OPPOSITION TO DEFENDANT's MOTION TO CONSOLIDATE**

**TO THE HONORABLE GEORGE C. HANKS, JR.:**

Plaintiff Jack J. Nichols files this Response in Opposition to Defendants' Motion to Consolidate [ECF No. 16 ] and respectfully show the Court as follows.

**PRELIMINARY STATEMENT**

1. Plaintiffs asked that these related actions be heard by a single judge. The Court granted that relief, and both cases are now before this Court. Plaintiffs are satisfied with that outcome and do not seek anything further. Defendants now ask for something materially different that these actions be *merged* under Rule 42(a).

2. One judge now presides over all of these matters. This Court can coordinate discovery, sequence hearings, and set these cases in whatever order it finds efficient — all without merging two distinct plaintiffs' claims into a single proceeding.

3. Plaintiffs' position has been consistent since they filed. The Nichols Complaint states in its own footnotes that Alidad Mireskandari is "[n]ot to be confused with Amir

Mireskandari, the Defendant in the 'Dallas Case,'" that "[t]hese are two separate persons and two entirely separate cases, except for Casey's involvement in both," and that "[t]hese cases are not connected except for they involve Casey and grew out of the 2012 pump-and-dump litigation." Nichols Compl. at 3 n.5, 4 n.6 (ECF No. 1). Plaintiffs said these matters were separate before any transfer question arose, and they say so now.

4. The Motion should be denied. If the Court believes any coordination beyond common assignment is warranted, Rule 42(a)(3) permits it without the consequences of merger.

## I. BACKGROUND

5. Plaintiff Nichols moved for relief in the alternative: that these related cases be "either consolidated with the underlying SEC v. Casey case *or otherwise reassigned* to Judge Hanks." Mot. to Transfer ¶ 1 (ECF No. 9, 4:26-cv-01105) (emphasis added). The operative concern was that "three separate judges" would otherwise "construct the same overlapping timelines with the same parties" and that "two (or three) judges would make different decisions about the same facts." *Id.* ¶¶ 3, 8.

6. The Court resolved that request by granting the reassignment alternative. On July 16, 2026, Judge Hanen granted the motion and transferred *Nichols* to this Court "for further proceedings." Order, ECF No. 15 (4:26-cv-01105, entered July 17, 2026). On July 28, 2026, Judge Hittner transferred *Mireskandari* to this Court on his own motion, noting the "almost identical case currently pending before Judge Hanks" and acting "for the sake of judicial efficiency." Order, ECF No. 14 (4:26-cv-01562, entered July 28, 2026).

7. *Nichols v. Casey*, No. 4:26-cv-01105, was filed February 11, 2026. Jack J. Nichols's claim arises from his representation of *Alidad* Mireskandari in a declaratory-judgment action in Harris County Court, *Mireskandari v. Jinsun, LLC*, Cause No. 1181704 (the "Jinsun Case").

Nichols Compl. ¶ 9. His protected activity is his e-filing of the appellee's brief in that case on July 24, 2023, pleaded as *petitioning* activity under the Petition Clause. *Id.* ¶¶ 10, 62.

8. *Mireskandari v. Casey*, No. 4:26-cv-01562, was filed two weeks later, on February 25, 2026, by *Amir* Mireskandari — Alidad's brother, and a different person entirely. His claim arises from his status as the *defendant* in a separate Dallas County proceeding, *Casey v. Mireskandari* (the "Dallas Case"). His First Amendment count rests not on any filing he made but on his right "to speak with lawyers and confer with counsel" — his own communications with his attorney. Mireskandari Compl. ¶¶ 66–67 (ECF No. 1). At the conclusion of the February 27, 2024 hearing he was *acquitted of contempt entirely*, while the proceedings as to Nichols "were reset for March 22, 2024, where they were ultimately stayed and/or held in abeyance." *Id.* ¶ 31; *accord* Nichols Compl. ¶ 28.

9. Plaintiffs do not dispute that the two complaints describe the same February 27, 2024 hearing and plead parallel counts. Shared narrative, however, is not the same as a shared case. Each Plaintiff was injured in his own capacity, by reference to his own protected activity, arising out of his own relationship to a different state-court proceeding, and each seeks damages personal to himself.

10. The parties conducted *separate* Rule 26(f) conferences in each action and submitted separate case-management proposals, as Rule 26(f) requires of the parties in each "action." Fed. R. Civ. P. 26(f)(1).

## II. LEGAL STANDARD

11. Rule 42(a) permits — but never requires — consolidation: "[i]f actions before the court involve a common question of law or fact, the court *may*" join them for hearing or trial,

consolidate them, or "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a) (emphasis added).

12. Consolidation is proper only "when two or more district court cases involve common questions of law and fact *and* the district judge finds that consolidation would avoid unnecessary costs or delay." *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989).

## III. ARGUMENT AND AUTHORITIES

13. The case for consolidation in these actions was always a case about judicial economy: that it would be wasteful for separate judges to "construct the same overlapping timelines with the same parties," and that a single judge "would prevent the same evidence and witnesses from being reviewed more than once" and "reduce the chance that two (or three) judges would make different decisions about the same facts." ECF No. 9 ¶¶ 3, 8.

14. One judge now presides. No second or third judge will construct the timeline, review the evidence, or rule on the same facts. The risk of inconsistent rulings is foreclosed by common assignment alone.

15. Consolidated actions keep their own pleadings, their own parties, their own judgments, and their own appeals. Each Plaintiff would still have to prove his own claims; Defendants would still answer each set separately; and two judgments would still issue.

16. Nichols and Mireskandari are two men with two different injuries, and consolidation would require a single jury to hold both accounts in mind at once while keeping straight which evidence belongs to which claim. That is the precise risk Rule 42(a) is meant to weigh, and it runs against Plaintiffs.

17. Nichols's First Amendment claim sounds in the Petition Clause and depends on the character of a brief he filed as counsel. Mireskandari's rests on his private communications with

his own lawyer. A consolidated charge would require the Court to instruct on two distinct First Amendment frameworks in one sitting, and would invite a jury to resolve both under whichever standard it found easier to apply.

18. Damages to each Plaintiff are individual and would be blurred. Nichols pleads the injury of a lawyer and officer of the court "shamefully paraded around in civil court like a criminal" before colleagues and court staff, and impairment of a reputation built over a career. Nichols Compl. ¶¶ 86–87. Mireskandari pleads loss of liberty and distress that impaired his work and his family life. Mireskandari Compl. ¶¶ 49, 93. A single jury asked to value both at once is invited to average rather than to assess, and a compromise verdict would understate the claim of whichever Plaintiff the jury finds less sympathetic.

19. consolidation would hand Defendants a single defense to two Plaintiffs. Each Plaintiff is entitled to have his own proof measured on its own terms. Merging the actions would dilute that entitlement by allowing any weakness the jury perceives in one Plaintiff's case to color its view of the other's.

20. In *Mireskandari*, the deadlines to join parties, amend pleadings, and designate both sides' experts have expired and discovery closes November 30, 2026; in *Nichols*, plaintiff's experts are not due until December 15, 2026 and discovery does not close until February 15, 2027.

## IV. CONCLUSION AND PRAYER

These cases are already where they should be: before one judge, who can coordinate them as efficiently as the record requires. Consolidation would add no economy to that arrangement. It would add a single jury weighing two men's separate injuries at once, two First Amendment theories charged in one instruction, defenses aimed at one Plaintiff heard by the jury deciding the other's claim, and a securities enforcement action grafted onto two civil-rights trials.

Plaintiff Jack J. Nichols respectfully request that the Court DENY Defendants' Motion to Consolidate, order such coordination of discovery as it finds appropriate under Rule 42(a)(3), and grant Plaintiffs such other and further relief, at law or in equity, to which they may be justly entitled.

Respectfully Submitted,

LLOYD E. KELLEY

*/s/ Lloyd E. Kelley*
Lloyd E. Kelley
State Bar No. 11203180
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
***ATTORNEY FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

I certify that on this 18th day of September, 2026 a true and correct copy of this RESPONSE IN OPPOSITION TO DEFENDANT's MOTION TO CONSOLIDATE Pursuant to Local Rule 5.2 was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Lloyd E. Kelley*
Lloyd E. Kelley