**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JACK J. NICHOLS,<br>Plaintiff, | §<br>§ | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:26-cv-01105 |
| | § | |
| KEVAN CASEY and TABITHA<br>MARIE CASEY, as Administrator | §<br>§ | |
| for the Estate of Kevan Casey,<br>Defendant. | §<br>§ | JURY TRIAL DEMANDED |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO CONSOLIDATE FOR PRETRIAL PURPOSES AND TO STAY PRETRIAL DEADLINES**

TO THE HONORABLE GEORGE C. HANKS, JR., UNITED STATES DISTRICT JUDGE:

## I. Summary

1. Plaintiff's Response (ECF No. 17) opposes a joint trial. Defendant has not asked for one. Defendant's Motion (ECF No. 16) asked the Court to consolidate two mirror-image cases for pretrial purposes, and to stay their conflicting pretrial deadlines, while the fully briefed motions to dismiss are decided. Plaintiff does not oppose that stay, and he concedes the common questions that warrant a single pretrial track. The Motion should be granted.

## II. Defendant Seeks Consolidation for Pretrial Purposes.

2. The Motion requests consolidation "for all pretrial purposes." (ECF No. 16, Prayer.) Plaintiff's response is directed almost entirely at a joint trial, but whether the cases should be tried together is not before this Court. That issue can be addressed after the motions to dismiss are resolved, and after the cases' records are developed. Plaintiff's Response presents a red herring in that the issue it complains of was not raised in the Motion and is not before the Court at this time. Defendant reserves that question, and Rule 42(b) remains available to the Court, upon a more fully developed record.

3. Pretrial consolidation merges nothing. Consolidated cases "retain their separate identities."[1] Plaintiff agrees, acknowledging that consolidated actions keep "their own pleadings, their own parties, their own judgments, and their own appeals." *See* ECF No. 17. Each plaintiff's claims, proof, and damages remain their own.

**III. Plaintiff Concedes the Common Questions and the Need for One Track.**

4. Plaintiff concedes that both complaints "describe the same February 27, 2024, hearing and plead parallel counts." *Id.* Both plaintiffs were respondents in that single proceeding, before the same judge, on the same show-cause application, with the same witnesses and the same transcript. Both suits are brought by the same counsel against the same Defendant, and the legal-standard and argument sections of Plaintiffs' two responses are identical. The cases were filed two weeks apart and are at the same pre-answer stage. Pretrial consolidation will avoid duplicative motion practice and discovery on identical issues, which is precisely the cost and delay Rule 42(a) addresses.

5. Plaintiff instead asks the Court to "coordinate" the cases under Rule 42(a)(3). That is the relief Defendant seeks, and it cannot be accomplished under the current scheduling orders. In No. 4:26-cv-01562, discovery closes November 30, 2026, and trial is set for the May/June 2027 term; in No. 4:26-cv-01105, discovery closes February 15, 2027, and trial is set for November 1, 2027. Whether styled consolidation under Rule 42(a)(2) or coordination under Rule 42(a)(3), the cases should proceed on a single pretrial schedule.

---

[1] *See Hall v. Hall*, 584 U.S. 59, 77, 138 S. Ct. 1118, 1131, 200 L. Ed. 2d 399 (2018).

**IV. The Requested Stay Is Unopposed and Warranted.**

6. Plaintiff offers no opposition to the stay. *See* S.D. Tex. L.R. 7.4. The stay is also warranted on its own terms: the motions to dismiss have been fully briefed since June 4, 2026, challenge the only asserted basis for federal jurisdiction, and may dispose of both cases.[2]

**PRAYER**

Defendant respectfully requests that the Court (1) consolidate the Related Cases for pretrial purposes or, alternatively, enter an order under Rule 42(a)(3) placing both cases on a single pretrial schedule, with the question of a joint trial reserved; (2) stay all pretrial deadlines pending its ruling on the motions to dismiss and order the parties to submit a joint proposed schedule within fourteen days of any ruling that does not dispose of all claims; and (3) grant Defendant such other relief to which it is entitled.

Respectfully submitted,

CRAIN, CATON & JAMES, P.C.

*/s/ Alexander W. Cohn*
Alexander W. Cohn
State Bar No. 24094100
Federal ID No. 3767094
1401 McKinney, Suite 1700
Houston, Texas 77010
Direct: 713.752.8602
Fax: 713.658.1921
Email: acohn@craincaton.com

*Attorneys for Defendant Kevan Casey (deceased) and Tabitha Marie Casey as administrator for the Estate of Kevan Casey*

[2] *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

**CERTIFICATE OF SERVICE**

I certify that this Reply was filed through the CM/ECF system and served on all counsel of record on September 25, 2026.

*/s/ Alexander W. Cohn*